**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| EMMA DAWSON, MICHAEL DAWSON, LUIZ FILHO, ALKA GAUR, DAMIAN REYEZ JAQUEZ, YOLISA MKELE, and FERNANDA TATTO, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC., AND WHATSAPP, LLC,<br><br>Defendants. | CASE NO. 26-CV-0751<br><br>**DECLARATION OF K. WINN ALLEN IN SUPPORT OF META PLATFORMS, INC., AND WHATSAPP, LLC'S MOTION FOR SANCTIONS PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE** |

I, K. Winn Allen, hereby declare as follows:

1. I am an attorney at Kirkland & Ellis LLP. I represent defendants Meta Platforms, Inc. and WhatsApp, LLC (collectively, "WhatsApp") in the above-captioned matter. I submit this declaration in support of WhatsApp's Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure.

**A.    February 2, 2026 Meet and Confer**

2. On February 2, 2026, I spoke with Adam Wolfson and Stephen Broome of Quinn Emanuel Urquhart & Sullivan LLP and Warren Postman of Keller Postman LLC about Plaintiffs' allegations.

3. I stated that WhatsApp does ***not*** have access to WhatsApp messages beyond what WhatsApp has publicly disclosed. I explained that Plaintiffs' whistleblowers are wrong, and that it is technically impossible for WhatsApp to circumvent its end-to-end encryption. I pointed to public reporting that called Plaintiffs' allegations a "mathematical impossibility." I reiterated the request from my January 28 letter that Plaintiffs produce whatever evidence they believe they have to support their allegations.

4. Plaintiffs' counsel responded by claiming that WhatsApp was carefully wording its denials to say that it does not have unrestricted access to all end-to-end encrypted user message content,

CASE NO. 26-CV-0751

leaving open the possibility that WhatsApp may have access to some encrypted message content beyond what it publicly discloses.  I responded that WhatsApp is merely addressing Plaintiffs' own allegations as pled, but that, in any event, WhatsApp cannot access any end-to-end encrypted user message content.

5.      Plaintiffs' counsel identified a Bloomberg article (published after the filing of the complaint) that included a discussion of a purported Bureau of Industry and Security ("BIS") report that they claimed supports the allegations in their complaint.  I responded that the article itself included a statement from a BIS spokesperson explaining that the claims against WhatsApp were "unsubstantiated" and BIS was not investigating WhatsApp or Meta.

6.      When I identified examples of public statements from outside experts expressing intense skepticism of the assertions in Plaintiffs' complaint, including statements that WhatsApp's alleged ability to break encryption would be impossible, Plaintiffs' counsel dismissed their relevance and responded that "prognosticators gonna prognosticate."

**B.      Exhibits**

7.      Attached as **Exhibit 1** is a true and correct copy of the January 28, 2026 letter from K. Winn Allen to Adam Wolfson and Plaintiffs' counsel of record.

8.      Attached as **Exhibit 2** is a true and correct copy of the January 29, 2026 letter from Adam Wolfson to K. Winn Allen, which enclosed a January 29, 2026 article published on *Bloomberg*.

9.      Attached as **Exhibit 3** is a true and correct copy of the February 9, 2026 letter from K. Winn Allen to Adam Wolfson and Plaintiffs' counsel of record.

10.      Attached as **Exhibit 4** is a true and correct copy of the February 11, 2026 letter from Adam Wolfson to K. Winn Allen.

11.      Attached as **Exhibit 5** is a true and correct copy of the February 13, 2026 letter from K. Winn Allen to Adam Wolfson and Plaintiffs' counsel of record.

12.      Attached as **Exhibit 6** is a true and correct copy of the February 18, 2026 letter from Adam Wolfson to K. Winn Allen.

13.      Attached as **Exhibit 7** is a true and correct copy of the February 25, 2026 letter from K. Winn Allen to Adam Wolfson and Plaintiffs' counsel of record.

CASE NO. 26-CV-0751

14. Attached as **Exhibit 8** is a true and correct copy of the March 2, 2026 letter from Adam Wolfson to K. Winn Allen.

15. Attached as **Exhibit 9** is a true and correct copy of the March 3, 2026 letter from K. Winn Allen to Adam Wolfson and Plaintiffs' counsel of record.

16. Attached as **Exhibit 10** is a true and correct copy of the March 5, 2026 letter from Adam Wolfson to K. Winn Allen.

17. Attached as **Exhibit 11** is a true and correct copy of the March 19, 2026 letter from K. Winn Allen to Adam Wolfson and Plaintiffs' counsel of record.

18. Attached as **Exhibit 12** is a true and correct copy of the March 24, 2026 letter from Adam Wolfson to K. Winn Allen.

19. Attached as **Exhibit 13** is a true and correct copy of the March 30, 2026 letter from K. Winn Allen to Adam Wolfson and Plaintiffs' counsel of record.

20. Attached as **Exhibit 14** is a true and correct copy of the April 2, 2026 letter from Adam Wolfson to K. Winn Allen.

21. Attached as **Exhibit 27** is a true and correct copy of the April 29, 2026 letter from Adam Wolfson to K. Winn Allen.

22. Attached as **Exhibit 28** is a true and correct copy of the May 1, 2026 letter from K. Winn Allen to Adam Wolfson and Plaintiffs' counsel of record.

23. Attached as **Exhibit 15** is a true and correct copy of the February 13, 2026 declaration of Maaz Ali, which was enclosed with my February 13, 2026 letter to Adam Wolfson and Plaintiffs' counsel of record.

24. Attached as **Exhibit 16** is a true and correct copy of the February 13, 2026 declaration of Chris Hempel, which was enclosed with my February 13, 2026 letter to Adam Wolfson and Plaintiffs' counsel of record.

25. Attached as **Exhibit 17** is a true and correct copy of the WhatsApp Encryption Overview technical white paper, updated August 19, 2024, which was enclosed with my February 13, 2026 letter to Adam Wolfson and Plaintiffs' counsel of record.

CASE NO. 26-CV-0751

26.    Attached as **Exhibit 18** is a true and correct copy of the "About End-to-End Encryption" page of the WhatsApp Help Center, available at https://faq.whatsapp.com/820124435853543, which was enclosed with my February 13, 2026 letter to Adam Wolfson and Plaintiffs' counsel of record.

27.    Attached as **Exhibit 19** is a true and correct copy of Zak Doffman, *'Not Secure'—Do You Suddenly Need To Stop Using WhatsApp?*, Forbes (Jan 27, 2026), available at https://www.forbes.com/sites/zakdoffman/2026/01/27/do-you-suddenly-need-to-stop-using-whatsapp-on-your-phone/, which was enclosed with my February 13, 2026 letter to Adam Wolfson and Plaintiffs' counsel of record.

28.    Attached as **Exhibit 20** is a true and correct copy of Jason Nelson, *WhatsApp Lawsuit Draws Skepticism From Cryptographers, Privacy Lawyers*, Decrypt (Jan. 27, 2026), available at https://decrypt.co/356119/whatsapp-lawsuit-skepticism-cryptographers-privacy-lawyers, which was enclosed with my February 13, 2026 letter to Adam Wolfson and Plaintiffs' counsel of record.

29.    Attached as **Exhibit 21** is a true and correct copy of Joseph Menn, *Lawsuit claims WhatsApp has a gaping security hole. Experts doubt it.*, Washington Post (Jan. 29, 2026), available at https://www.washingtonpost.com/technology/2026/01/29/whatsapp-lawsuit-read-messages-denied/, which was enclosed with my February 13, 2026 letter to Adam Wolfson and Plaintiffs' counsel of record.

30.    Attached as **Exhibit 22** is a true and correct copy of Aisha Down, *US authorities reportedly investigate claims that Meta can read encrypted WhatsApp messages*, The Guardian (Jan. 31, 2026), available at https://www.theguardian.com/technology/2026/jan/31/us-authorities-reportedly-investigate-claims-that-meta-can-read-encrypted-whatsapp-messages, which was enclosed with my February 13, 2026 letter to Adam Wolfson and Plaintiffs' counsel of record.

31.    Attached as **Exhibit 23** is a true and correct copy of Matthew Green, *WhatsApp Encryption, a Lawsuit, and a Lot of Noise*, A Few Thoughts on Cryptography Engineering (Feb. 2, 2026), available at https://blog.cryptographyengineering.com/2026/02/02/whatsapp-encryption-a-lawsuit-and-a-lot-of-noise/, which was enclosed with my February 13, 2026 letter to Adam Wolfson and Plaintiffs' counsel of record.

32.    Attached as **Exhibit 24** is a true and correct copy of the "About Reporting and Blocking on WhatsApp" page of the WhatsApp Help Center, available at https://faq.whatsapp.com/414631957536067/?cms_platform=web.

33.    Attached as **Exhibit 25** is a true and correct copy of the "How To Stay Safe on WhatsApp" page of the WhatsApp Help Center, available at https://faq.whatsapp.com/1313491802751163.

34.    Attached as **Exhibit 26** is a true and correct copy of an X post by Andy Stone on January 24, 2026.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 4th day of May 2026 at Washington, D.C.


*/s/ K. Winn Allen*

K. Winn Allen, P.C.

CASE NO. 26-CV-0751