# EXHIBIT 12

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3084**

WRITER'S EMAIL ADDRESS
**adamwolfson@quinnemanuel.com**

March 24, 2026

**VIA E-MAIL**
**WINN.ALLEN@KIRKLAND.COM**

Winn Allen
Kirkland & Ellis LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

Re:    *Dawson, et al. v. Meta Platforms, Inc. and WhatsApp, LLC*, No. 26-0751 (N.D. Cal.)

Dear Winn:

I write in response to your March 19, 2026 letter, regarding the above-referenced case, which follows on multiple letters from each side.

Following the order of your letter and using the same heading structure for clarity:

**Expert**

Plaintiffs will propose an expert for any source code review in line with a protective order and subject to the Court's review of any objections from Defendants.

**Protective Order**

We appreciate Defendants sending a proposed protective order, but do not believe it makes sense to limit that order to just source code—particularly after we sent a broader protective order weeks ago that was based on the Northern District of California's default. As we have explained in previous letters and further detail below, much of the information Defendants request from Plaintiffs requires confidentiality protections. Accompanying this letter is a proposed full protective order. Please let us know your thoughts following a review.

**Scope of Review**

We appreciate Defendants' offer for Plaintiffs to review WhatsApp's "encryption architecture," but we have explaind previously why that cannot be the extent of an adequate

**quinn emanuel urquhart & sullivan, llp**

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DUBAI | HAMBURG | HONG KONG | HOUSTON |
LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | RIYADH | SALT LAKE CITY | SAN FRANCISCO |
SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

review. Plaintiffs have noted they need to also review, *inter alia*, the WhatsApp application source code; *i.e.*, the source code for the application installed on the device. As previously explained, this will allow Plaintiffs to determine what access, if any, the application has to messages before local encryption on the device and after receipt and local decryption.

For this review, Plaintiffs will need access to the historical versions of the application source code and encryption architecture source code back to at least 2019. Plaintiffs also would like to review the widget-related discovery they previously identified in February. And we will need to agree on a protocol for review, so we minimize disputes. (We are currently drafting one and will send to you shortly.)

Please advise whether Defendants will agree to this scope of review for the initial phase.

### Confidentiality

Plaintiffs have no objection to the designation you note. However, the parties need to finalize and submit the protective order for the Court's endorsement (and any revisions the Court applies).

### Review Period

Although our experts can conduct a source code review over a relatively abbreviated time frame, we may need reasonable accommodations—including due to Defendant interference, which we certainly hope will not happen. Given that, we believe it is proper for Plaintiffs to, first, have the option to break up their review period so they can conduct an initial review, analyze the results of that review, and then conduct follow up review(s) of additional code. Furthermore, source code reviews often identify the need to review additional source code the producing party has not yet made available (*e.g.*, an API to which the source calls, but which is not in the code provided). Plaintiffs would therefore need the ability to request and review other targeted pieces of code implicated by the original source code review. And they would also need the ability to seek more time if they establish good cause to do so, which would mean that Plaintiffs need the ability to seek that sort of accommodation from the Court.

Please confirm whether Defendants will agree to these additions and clarifications of the review peiord and process.

### Scheduling

Defendants' offer comes months after we first proposed something similar and as of yet appears incomplete. We are therefore concerned about delaying the official commencement of discovery and cannot agree to continue the current deadlines at this time. If the parties can agree on the full scope of review proposed above, as well as protections to ensure the Court's oversight of this process, then Plaintiffs would consider a short extension or some kind of staging. However, for now, we would like to proceed with the initial portions of the discovery process under the Federal Rules of Civil Procedure, including with a Rule 26(f) conference by April 1, which is required under the current schedule. Please let us know your availability.

**Plaintiffs' Additional Request**

Please see above regarding the protective order and scope of review. If and when the Court enters a protective order, Plaintiffs can then provide some of the information Defendants request (including because that information will help facilitate the full scope of review Plaintiffs request). It may make the most sense for Defendants to simply issue Rule 33 interrogatories or Rule 34 requests for production, given the parties need to conduct a Rule 26(f) conference anyway.

Best regards,

/s/ Adam Wolfson

Adam Wolfson