K. Winn Allen, P.C. (*pro hac vice*)
T.J. McCarrick (*pro hac vice*)
Jordan L. Greene (*pro hac vice*)
Saunders McElroy (*pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
United States
Telephone: +1 202 389 5000
Facsimile: +1 202 389 5200
winn.allen@kirkland.com
tj.mccarrick@kirkland.com
jordan.greene@kirkland.com
saunders.mcelroy@kirkland.com

Laura Vartain Horn (SBN 258485)
Bethany Lobo (SBN 248109)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
United States
Telephone: +1 415 439 1400
Facsimile: +1 415 439 1500
laura.vartain@kirkland.com
bethany.lobo@kirkland.com

*Attorneys for Defendants Meta Platforms, Inc.,
and WhatsApp LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| EMMA DAWSON, MICHAEL DAWSON, LUIZ FILHO, ALKA GAUR, DAMIAN REYEZ JAQUEZ, YOLISA MKELE, and FERNANDA TATTO, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC., AND WHATSAPP, LLC,<br><br>Defendants. | CASE NO. 26-CV-0751<br><br>**META PLATFORMS, INC., AND WHATSAPP, LLC'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>Complaint Filed Date:  January 23, 2026<br><br>Judge:         Honorable Rita F. Lin<br>Hearing Date:  June 23, 2026<br>Time:          10:00 AM<br>Courtroom:     15, 18th Floor |

CASE NO. 26-CV-0751

## TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................................1

ARGUMENT.........................................................................................................................3

    I.    PLAINTIFFS DID NOT CONDUCT A REASONABLE PRE-COMPLAINT
        INVESTIGATION, THUS VIOLATING RULE 11..................................................3

    II.   PLAINTIFFS' CLAIMS ARE OBJECTIVELY FALSE AND UNSUPPORTED
        BY ADEQUATE PRE-COMPLAINT EVIDENCE. ...............................................4

    III.  PLAINTIFFS' UNPLED CLAIM RELATED TO "DECRYPTED" MESSAGES
        IS NOT A DEFENSE TO RULE 11........................................................................5

        A.  Plaintiffs Cannot Survive Rule 11 Based On An Unpled Theory Alleging
            Unlimited Access To "Decrypted" WhatsApp Messages.................................5

        B.  Plaintiffs Cannot Survive Rule 11 Based On Factually Unsupported,
            After-The-Fact Expert Testimony....................................................................6

        C.  Plaintiffs Unpled Theory Alleging Unlimited Access To "Decrypted"
            WhatsApp Messages Is False............................................................................8

    IV.  PLAINTIFFS' RULE 11 VIOLATIONS SUPPORT IMMEDIATE DISMISSAL...............8

CONCLUSION....................................................................................................................10

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Abdelhamid v. Altria Grp., Inc.*,
515 F. Supp. 2d 384 (S.D.N.Y. 2007)............................................................................9

*Christian v. Mattel, Inc.*,
286 F.3d 1118 (9th Cir. 2002) .......................................................................................3

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
509 U.S. 579 (1993).......................................................................................................7

*Dunn v. Sandoz Pharms. Corp.*,
275 F. Supp. 2d 672 (M.D.N.C. 2003) ..........................................................................7

*Gulisano v. Burlington, Inc.*,
34 F.4th 935 (11th Cir. 2022) ........................................................................................4

*Havensight Cap. LLC v. Nike, Inc.*,
2014 WL 12613382 (C.D. Cal. Nov. 19, 2014)..............................................................9

*Havensight Cap. LLC v. Nike, Inc.*,
2015 WL 993344 (C.D. Cal. Feb. 18, 2015)...................................................................9

*Helms v. Wells Fargo Bank, N.A.*,
2018 WL 6242168 (C.D. Cal. Oct. 10, 2018).................................................................7

*Hernandez v. City of Albuquerque*,
2004 WL 5522847 (D.N.M. Jan. 23, 2004) ...................................................................7

*Hunt v. Sunny Delight Bevs. Co.*,
2018 WL 6786265 (C.D. Cal. Dec. 18, 2018) ...............................................................9

*Judin v. United States*,
110 F.3d 780 (Fed. Cir. 1997)........................................................................................7

*Koji IP, LLC v. Renesas Elecs. Am., Inc.*,
2025 WL 917110 (N.D. Cal. Mar. 26, 2025)...........................................................3, 4, 7

*Lake v. Gates*,
130 F.4th 1064 (9th Cir. 2025) ......................................................................................4

*Musi Inc. v. Apple Inc.*,
2026 WL 730805 (N.D. Cal. Mar. 16, 2026)..................................................................9

*Musi Inc. v. Apple Inc.*,
2026 WL 763310 (N.D. Cal. Mar. 16, 2026)..................................................................9

*Rattagan v. Uber Techs., Inc.*,
   2019 WL 3891714 (N.D. Cal. Aug. 19, 2019) ........................................................... 6, 9

*Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*,
   124 F.3d 999 (9th Cir. 1997) ................................................................................... 3

*Skidmore Energy, Inc. v. KPMG*,
   455 F.3d 564 (5th Cir. 2006) ................................................................................... 1

*In re Star Gas Secs. Litig.*,
   745 F. Supp. 2d 26 (D. Conn. 2010) ......................................................................... 6

**Rules**

Fed. R. Civ. P. 11 ..................................................................................................*passim*

Fed. R. Civ. P. 11(b)(3) ....................................................................................... 1, 2, 4

Fed. R. Civ. P. 11(c)(4) ............................................................................................. 9

Fed. R. Evid. 702 ..................................................................................................... 7

**INTRODUCTION**

Plaintiffs' opposition is entirely silent about what—if anything—Plaintiffs did to investigate the false claim that WhatsApp messages are intercepted and accessed by WhatsApp before filing their provocative and unsubstantiated complaint. This confirms Plaintiffs violated Rule 11. The Federal Rules do not permit Plaintiffs to file a salacious lawsuit "as a gamble that something might come of." *Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564, 568 (5th Cir. 2006). In filing a complaint, Rule 11 obligates counsel to certify that the claims have an evidentiary basis to the best of their "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances." Fed. R. Civ. P. 11(b)(3). The allegations fail to satisfy this standard, and Plaintiffs' opposition does not save it. Plaintiffs' Rule 11 violations threaten to cause WhatsApp significant financial and reputational harm, and the complaint should immediately be dismissed with prejudice, with fees awarded to WhatsApp for defending against this baseless litigation.

*First*, Plaintiffs' opposition confirms that they do not appear to have conducted a reasonable inquiry before filing this federal court action. Despite being called to the mat on the adequacy of their pre-suit investigation numerous times, the opposition offers no description at all of Plaintiffs' investigatory efforts. Plaintiffs have not offered WhatsApp or the Court any detail about the identity of the so-called whistleblowers underpinning their claims; their roles; the basis of their "firsthand" knowledge; or what—if any—efforts Plaintiffs undertook to investigate the whistleblowers' unverified claims. Plaintiffs' refusal to even try to describe their pre-suit investigation before launching incendiary claims going to the core of WhatsApp's business model and its promises to its users confirms that Rule 11 sanctions are appropriate.

*Second*, Plaintiffs violated Rule 11 by falsely alleging that WhatsApp intercepts users' end-to-end encrypted messages "in transit." *See* Compl. ¶ 118. Plaintiffs' opposition does not muster a defense of the merits of those allegations. Instead, Plaintiffs deflect, suggesting their claims are colorable based on public reporting in *Bloomberg* from *after* the complaint was filed. Of course, post-hoc evidence does not relieve Plaintiffs of their burden to investigate the factual assertions in a complaint before it is filed. But even so, the *Bloomberg* articles expressly do not confirm the anonymous, unverified assertions about WhatsApp's encryption practices, which government officials have dismissed as

"unsubstantiated." *See* Dkt. 40-3 at 4. To the contrary, the government agency referenced in the *Bloomberg* articles (the Bureau of Industry and Security) has made clear it is not investigating WhatsApp. *Id.* Because WhatsApp's evidentiary proffer conclusively disproves Plaintiffs' claim that WhatsApp intercepts users' encrypted messages in real time, Plaintiffs violated Rule 11 and must be subject to sanctions.

*Third*, Plaintiffs cannot paper over their Rule 11 violations by pivoting to a new, unpled theory that WhatsApp allegedly harvests messages from users' devices before encryption or after decryption. Even a cursory reading of the complaint makes clear that is not Plaintiffs' actual theory. But even if it was, Plaintiffs' new theory is equally meritless: WhatsApp has never implemented any mechanism allowing it to extract messages directly from user devices before or after the encryption process. *See generally* Ex. 29 (Second M. Ali Decl.) Plaintiffs offer only the after-the-fact, *ipse dixit* of an expert witness, who simply speculates that it is theoretically possible for WhatsApp to intercept messages before or after the encryption process *assuming* "the whistleblower testimony underlying the case is correct." *See* Dkt. 40-5 ¶ 3. This does not meet Rule 11's requirement of "evidentiary support." *See* Fed. R. Civ. P. 11(b)(3). Plaintiffs cannot escape Rule 11 by layering an unsupported expert declaration on top of unverified statements from anonymous whistleblowers. Even considering Plaintiffs' fallback theory, they still have violated Rule 11 by pressing forward with more theories that lack any basis in reality.

Plaintiffs' ongoing violations of Rule 11 demand case-dispositive sanctions. The allegations in the complaint and in Plaintiffs' opposition attack the integrity of WhatsApp as a business and the people who work there. And those claims are categorically false, as WhatsApp's sworn testimony and widespread public reporting has shown. For months, WhatsApp has engaged with Plaintiffs, but Plaintiffs have refused to provide any additional detail about the whistleblower accounts that anchor their claims; offered no description of their pre-suit investigation; and refused WhatsApp's extraordinary offer of a pre-discovery source-code review to put their allegations to rest once and for all. Having done all that, Plaintiffs should not be permitted to defer a ruling on WhatsApp's motion. Kicking the can would allow Plaintiffs to profit from their misconduct by subjecting WhatsApp to a far-ranging fishing

expedition and even more unjustified litigation costs. Plaintiffs' complaint should be dismissed with prejudice, and WhatsApp should be awarded its fees incurred defending this baseless action.

ARGUMENT

## I. PLAINTIFFS DID NOT CONDUCT A REASONABLE PRE-COMPLAINT INVESTIGATION, THUS VIOLATING RULE 11.

Plaintiffs' opposition confirms that they violated Rule 11 by failing to conduct "a reasonable and competent inquiry before signing and filing" the complaint. *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002). Plaintiffs recycle their assertion that their "allegations are supported by carefully vetted, firsthand whistleblower accounts of" WhatsApp "workers' ability to access WhatsApp messages." *See* Opp. at 1. But this supposed "vetting" is not described *at all* in Plaintiffs' opposition or attached declarations and exhibits. After 100 days—and in the face of a well-supported Rule 11 challenge—Plaintiffs still fail to disclose: (i) the identity of the whistleblowers; (ii) where they worked; (iii) what positions they held; (iv) what access to WhatsApp tools or messages they had, if any; (v) how they claim to have learned the false allegations contained in the complaint; (vi) whether the whistleblowers ever spoke to counsel; and (vii) what, if any, steps Plaintiffs took to investigate the purported whistleblowers' sensational claims.

In short, Plaintiffs offer none of the supporting details or information one would expect from parties that "carefully vetted" their allegations before filing suit. The absence of *any* account of Plaintiffs' pre-suit investigation strongly suggests that no such investigation occurred, much less an adequate one. *See Koji IP, LLC v. Renesas Elecs. Am., Inc.*, 2025 WL 917110, at *12 (N.D. Cal. Mar. 26, 2025) (imposing Rule 11 sanctions where, *inter alia*, attorney "was unable to identify any pre-filing inquiry" related to the impact of procedural rules and prior dismissals on new complaint). But even assuming Plaintiffs have undisclosed testimonials from anonymous whistleblowers in their possession, "blindly relying" on the unverified say-so of witnesses "violate[s]" the "duty to conduct a reasonable inquiry to determine that" allegations are "well grounded in fact." *See Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1017 (9th Cir. 1997). Plaintiffs violated Rule 11 by failing to conduct a sufficient pre-suit investigation, and for the reasons explained below, they cannot backfill that failure by manufacturing a basis for their claims through hindsight.

## II.    PLAINTIFFS' CLAIMS ARE OBJECTIVELY FALSE AND UNSUPPORTED BY ADEQUATE PRE-COMPLAINT EVIDENCE.

Tellingly, Plaintiffs offer virtually no substantive response to WhatsApp's evidence refuting their claim that WhatsApp intercepts users' encrypted messages in real time.  WhatsApp "does not have 'unrestricted' or 'unlimited' access to the content of user messages, contrary to the allegations in the complaint."  Dkt. 38-16 (M. Ali Decl.) ¶ 9.  Nor does any tool or "widget" exist that allows WhatsApp employees to call up and read the content of users' encrypted messages.  *See* Dkt. 38-17 (C. Hempel Decl.) ¶¶ 5-6.  Plaintiffs' response that WhatsApp declarations are "self-serving," and that Plaintiffs need not accept them and "forego [their] discovery rights" misunderstands the record and Plaintiffs' Rule 11 obligations.  *See* Opp. at 2, 5-6.  WhatsApp's declarations constitute testimonial evidence. Plaintiffs' vague references to whistleblower "accounts" do not, making Plaintiffs' efforts to casually discount the import of WhatsApp's sworn testimony all the more remarkable.  It was Plaintiffs' burden to demonstrate that they undertook a reasonable investigation prior to filing the complaint.  *See* Fed. R. Civ. P. 11(b)(3) (requiring contentions to "have evidentiary support").  They failed to do so.  "[H]aving learned the[ir] claims lack merit," Plaintiffs have only amplified their improper conduct by continuing to maintain the complaint, especially after refusing WhatsApp's offer of a pre-discovery source code review.  *See Gulisano v. Burlington, Inc.*, 34 F.4th 935, 942-43 (11th Cir. 2022).  Plaintiffs' claims are false, and the opposition confirms that their claims are based on nothing more than "speculation and conjecture" in violation of Plaintiffs' Rule 11 obligations.  *See Lake v. Gates*, 130 F.4th 1064, 1069 (9th Cir. 2025).

It makes no difference that aspects of Plaintiffs' allegations were covered in *Bloomberg* reporting from ***after*** the complaint was filed.  *See Koji*, 2025 WL 917110, at *12 (rejecting "*post hoc* attempt to justify the conduct at issue" in Rule 11 motion).  The initial January 2026 *Bloomberg* article provided no evidentiary support for Plaintiffs' claims, with the Bureau of Industry and Security dismissing the assertions "about WhatsApp encryption practices" as "unsubstantiated."  *See* Dkt. 38-3, Ex. A at 3.  WhatsApp also has explained—in arguments unanswered by Plaintiffs—that the vendor worker quoted in the initial article supported a different Meta feature (Facebook Marketplace), had no responsibilities that would have required him to personally access WhatsApp messages at all (such as

user-reported ones), and lacked relevant expertise in encryption to support his salacious claims. *See* Mot. at 14. The April 2026 *Bloomberg* article is no better: published ***months*** after the complaint was filed, the article makes clear, "***Bloomberg hasn't independently confirmed the agent's claims, and a spokesperson for the bureau previously dismissed them as 'unsubstantiated and outside the scope of his authority*.'**" *See* Dkt. 40-3 at 4 (emphasis added). That same government agency has confirmed it is ***not*** investigating WhatsApp. For Meta's part, a representative went on the record to deny the allegations, unequivocally stating, "[t]he claim that WhatsApp can access people's encrypted communications is patently false." *Seeid.*. Meta's former Chief Security Officer independently explained that "the contractors' claims are 'almost certainly false,'" in part, because "any widespread backdoor would have to be in the downloaded Android and iOS apps and would be easily found by security researchers." *Id.* at 5. If anything, the April 2026 *Bloomberg* article thus undermines Plaintiffs' claims, rather than supports them. Plaintiffs' claim that WhatsApp has unlimited access, in real time, to users' end-to-end encrypted messages is objectively false, and Plaintiffs violated Rule 11 by including it in the complaint without any factual basis.

## III.    PLAINTIFFS' UNPLED CLAIM RELATED TO "DECRYPTED" MESSAGES IS NOT A DEFENSE TO RULE 11.

Plaintiffs' unpled theory that WhatsApp allegedly "surreptitiously collect[s] and store[s] messages in their unencrypted state either before they are sent, after, or both" cannot offer a Rule 11 basis for the complaint they actually filed. *See* Opp. at 7 (emphasis removed). Nothing in Plaintiffs' opposition proves otherwise.

### A.    Plaintiffs Cannot Survive Rule 11 Based On A New, Unpled Theory Alleging Access To "Decrypted" WhatsApp Messages.

Rather than defend the baseless theory that WhatsApp intercepts users' end-to-end encrypted messages in transit, Plaintiffs pivot to a new theory, claiming that WhatsApp theoretically could collect users' messages before and after they are sent. But the complaint does not allege that WhatsApp accesses messages on a user's device before encryption or after decryption. Contrary to Plaintiffs' new spin, the complaint consistently and exclusively focuses on WhatsApp's supposed real-time interception of ***encrypted*** messages—that is, messages in transit between user devices. The complaint's core

allegations are titled "WhatsApp's and Meta's Unrestricted Access to Users' Encrypted Communications." *See* Compl. at 12. The complaint is also replete with other examples:

- Compl. ¶ 2: "On information and belief, to this day, Meta and WhatsApp store, maintain access to, and use WhatsApp's three billion users' '***encrypted***' messages." (emphasis added)

- Compl. ¶ 85: "Defendants' interception of Plaintiffs' communications was done ***contemporaneously*** with the Plaintiffs' sending and receipt of those communications. On information and belief, Plaintiffs' and other WhatsApp users' WhatsApp messages ***were intercepted*** by Defendants essentially ***in real time, as soon as they were sent***." (emphasis added)

- Compl. ¶ 118: "Defendants' non-consensual interception of Plaintiffs' and Class Members' WhatsApp messages was designed to learn the contents of those communications, and ***occurred while Plaintiffs' and Class Members' communications were in transit***." (emphasis added); *see also* Compl. ¶¶ 76, 83, 85-86, 91, 93-94, 103, 114, 117, 129, 132, 136, 140-43, 147, 164-65, 180 (alleging that WhatsApp intercepts user messages).[1]

Rule 11 addresses claims that a plaintiff has pled, not unasserted theories. *See Rattagan v. Uber Techs., Inc.*, 2019 WL 3891714, at *3-4 (N.D. Cal. Aug. 19, 2019) (awarding sanctions and rejecting argument in opposition that alternative unpled theory could support allegations); *In re Star Gas Secs. Litig.*, 745 F. Supp. 2d 26, 35 (D. Conn. 2010) (same). Because the complaint focuses on WhatsApp's purported interception of encrypted messages while in transit, it is ***that*** theory that is subject to Rule 11. Plaintiffs' swift abandonment of the theory pled in their complaint confirms that Rule 11 sanctions are warranted because they had no factual support for the allegations they made. Plaintiffs should not now be permitted to rewrite the fundamental basis for their lawsuit in response to WhatsApp's motion.

**B.      Plaintiffs Cannot Survive Rule 11 Based On Factually Unsupported, After-The-Fact Expert Testimony.**

Nor can Plaintiffs defeat WhatsApp's Rule 11 motion by pointing to the post-hoc opinion of their expert that "there is no obvious technical reason to ***disbelieve*** Plaintiffs' claims." Opp. at 1 (citing Dkt. 40-5 ¶ 3) (emphasis added). This is pure speculation. The "opinion" is not grounded in a single piece of evidence—not an analysis of any whistleblower testimonials, not a discussion with the

---

[1] The public also understood the complaint as alleging interception of encrypted messages. For example, Forbes wrote: "Spurious claims about WhatsApp's encryption turn up most years. None have yet been substantiated. There is no technical detail available as yet to suggest any different. Users can send content to WhatsApp when reporting issues, but that's user-led. There is no tangible proof of any Meta-led bypass." Dkt. 38-20 at 5; *see also* Dkts. 38-21 to 38-24 (reporting expressing disbelief of Plaintiffs' claims, including describing them as a "mathematical impossibility").

purported whistleblowers about what they saw, not consultation with any other industry participants or experts, and not a review of WhatsApp's source code, which WhatsApp has repeatedly offered. Plaintiffs' expert declaration should be disregarded because it is based on no evidence whatsoever, *see* Fed. R. Evid. 702, and admits its conclusion—that "there are numerous technical ways Meta and WhatsApp **could** obtain access to WhatsApp users' private messages"—depends on the **assumption** that "the whistleblower testimony underlying the case is correct." *See* Dkt. 40-5 ¶ 3 (emphasis added). That is all hypothesis, no proof. "Opinions merely expressing 'possibilities' do not suffice to support the admissibility of expert testimony." *Dunn v. Sandoz Pharms. Corp.*, 275 F. Supp. 2d 672, 681 (M.D.N.C. 2003); *see also Hernandez v. City of Albuquerque*, 2004 WL 5522847, at *5 (D.N.M. Jan. 23, 2004) (precluding expert from "speculat[ing] about a number of possibilities, not really provid[ing] probabilities" about "how [plaintiff] may have been injured"). Yet that is all Plaintiffs offer—a theoretical possibility that WhatsApp somehow engages in the mass collection of users' messages before or after they are sent in an unencrypted state. *See* Dkt. 40-5 ¶¶ 9, 13-14. Plaintiffs' expert declaration thus offers less than their unverified whistleblowers, throwing out hypothetical "possibilities" without evidence connecting them to WhatsApp's conduct.

An expert who offers nothing more than speculation and hypothetical possibilities cannot save a party from a well-founded Rule 11 challenge, particularly where the expert's opinion is offered after the fact. "Because Rule 11 is not about after-the-fact investigation," Plaintiffs' "violation of Rule 11 was not cured by the fact that, after filing the complaint," they "consulted with an expert" and secured a declaration responding to WhatsApp's motion. *See Judin v. United States*, 110 F.3d 780, 785 (Fed. Cir. 1997); *see also Koji*, 2025 WL 917110, at *12. In fact, Plaintiffs expressly concede "the time of signing" a pleading is the relevant inflection point for evaluating a party's investigation. *See* Opp. at 4 (citing *W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1526 (9th Cir. 1990)). But more fundamentally, "mere skepticism of" WhatsApp's "contrary evidence is not, without more, enough to support an allegation" of fact. *See Helms v. Wells Fargo Bank, N.A.*, 2018 WL 6242168, at *7 (C.D. Cal. Oct. 10, 2018). "Rule 11 requires that a litigant have more than speculation before it may allege facts on which discovery is sought." *Id.* Thus, regardless of what may be technically possible, Plaintiffs

cannot stack an expert's *ipse dixit* on top of unsupported and anonymous whistleblower claims to flip the burden to WhatsApp.

### C. Plaintiffs' Unpled Theory Alleging Unlimited Access To "Decrypted" WhatsApp Messages Is False.

Given the absence of any factual basis for Plaintiffs' new allegations, it should be unsurprising that their new theory is as baseless as the last. To remove any doubt, WhatsApp has submitted a supplemental declaration reaffirming that "WhatsApp and Meta have never implemented any mechanism in WhatsApp by which they can 'look into' a user's device and retrieve message content from the device before it is encrypted or after it is decrypted." *See* Ex. 29 (Second M. Ali. Decl.) ¶ 5. Though Plaintiffs' expert speculates that the WhatsApp software on a user's device theoretically could intercept decrypted messages and deliver them to WhatsApp's servers, WhatsApp has never installed any such software on user devices to collect user messages. "WhatsApp is designed so that message content that exists on a user's device before encryption and after decryption … never leaves the user's device unless the user affirmatively chooses to share it, such as by reporting a message to WhatsApp." *Id.* ¶ 4; *see also* Dkt. 38-16 (M. Ali Decl.) ¶ 6. Indeed, WhatsApp "could not implement such a mechanism without it being detectable by people outside of the company." Ex. 29 (Second M. Ali. Decl.) ¶ 5. In other words, if WhatsApp were secretly stealing the contents of users' private messages off users' devices, that loophole would be widely known and discoverable, meaning Plaintiffs would have come to court with more than the groundless speculation they have offered.

Even in their alternative framing, then, Plaintiffs have resorted to insinuation and innuendo as a substitute for real factual support. *See* Opp. at 4 ("***[T]here are many reasons to believe*** that the parties who control the WhatsApp application can access unencrypted messages residing on users' phones and/or in transit."); *id.* at 6. No matter how Plaintiffs try to package their claims, the same conclusion from the evidence is clear: Plaintiffs' allegation that WhatsApp indiscriminately accesses private user message content is categorically false.[2]

---

[2] The April 15, 2026 blog post Plaintiffs attach to try to support their assertions (without any pincite) readily states that WhatsApp's promise of end-to-end encryption is "defensibly true." Dkt. 40-4 at 3. It spends the remaining pages criticizing aspects of WhatsApp's design as compared to other messaging apps, none of which are the subject of Plaintiffs' complaint. It contains no support for Plaintiffs' claims as to their pled or unpled theories.

**IV.    PLAINTIFFS' RULE 11 VIOLATIONS SUPPORT IMMEDIATE DISMISSAL.**

Plaintiffs' violations of Rule 11 require immediate dismissal, and their last-ditch request to defer a ruling on WhatsApp's motion should be seen for what it is—an effort to let their investigation catch up to their allegations.  As an initial matter, Plaintiffs' contention that a decision on sanctions must wait until adjudication of the merits is flawed and rests on an outdated advisory committee note from 1983, *see* Opp. at 5, which was superseded by a later amendment "leav[ing] for resolution on a case-by-case basis" "when a motion for violation of Rule 11 should be served and when, if filed, it should be decided," *see* Fed. R. Civ. P. 11, advisory committee notes (1993).  Contrary to Plaintiffs' suggestion, courts routinely dismiss at the start of a case, before significant discovery has occurred, and concurrently award sanctions.  *See*, *e.g.*, *Rattagan*, 2019 WL 3891714; *Hunt v. Sunny Delight Bevs. Co.*, 2018 WL 6786265 (C.D. Cal. Dec. 18, 2018); *Musi Inc. v. Apple Inc.*, 2026 WL 763310 and 2026 WL 730805 (N.D. Cal. Mar. 16, 2026); *Havensight Cap. LLC v. Nike, Inc.*, 2015 WL 993344 and 2014 WL 12613382 (C.D. Cal. Feb. 18, 2015 and Nov. 19, 2014); *Abdelhamid v. Altria Grp., Inc.*, 515 F. Supp. 2d 384 (S.D.N.Y. 2007).

No reason exists to delay awarding sanctions here.  Plaintiffs' complaint fails to state a claim and should be dismissed on its own terms.  *See* Dkt. 29.  At minimum, then, an appropriate sanction for Plaintiffs' failure to conduct a reasonable investigation before making baseless allegations is dismissal with prejudice.  Rewarding Plaintiffs' file-and-find-out strategy by granting leave to amend would not "deter repetition of the conduct," as Rule 11 contemplates.  Fed. R. Civ. P. 11(c)(4); *see*, *e.g.*, *Hunt*, 2018 WL 6786265, at *5 ("[A] 'do-over' may provide little disincentive to the filing of dishonest pleadings.").  That is particularly so given Plaintiffs' conscious decision to avoid investigating facts that would debunk their claims.  Since March 19, 2026, WhatsApp has voluntarily offered Plaintiffs the ability to conduct a pre-discovery source code review.  *See* Dkt. 38-12.  Although Plaintiffs claim WhatsApp's source code offer was inadequate, Plaintiffs offer no justification for refusing to review a complete version of the WhatsApp source code covered by the allegations in their complaint.[3]  Nothing

---

[3]    Plaintiffs' additional critique that WhatsApp did not offer discovery into the "widgets" alleged to provide access to WhatsApp user messages lacks merit.  WhatsApp cannot provide discovery of what does not exist.  Dkt. 38-17 (C. Hempel Decl.) ¶ 6.  Even so, Plaintiffs provide no explanation for why they would decline any amount of discovery relevant to their claims.

in Plaintiffs' allegations distinguish between different versions of the WhatsApp source code, and their see-no-evil, hear-no-evil approach to the source code confirms Plaintiffs' real concern is uncovering even more evidence that is inconsistent with their claims. Nothing is "suspicious" about WhatsApp's consistently transparent pre-discovery conduct, *see* Opp. at 8; what is suspicious is Plaintiffs' rejection of pre-discovery source code review, even as their own expert concedes that "access to the WhatsApp application software" would be sufficient to investigate their claims. *See* Dkt. 40-5 ¶ 13. Suspicion alone does not excuse Plaintiffs' failure to live up to their Rule 11 obligations, and case-dispositive sanctions are required to address Plaintiffs' shoot-first, ask-questions later approach to this litigation.

## CONCLUSION

Plaintiffs violated Rule 11 by signing and filing the complaint and continuing to press it. WhatsApp therefore respectfully requests that the Court dismiss the complaint with prejudice and award reasonable attorneys' fees and expenses.

DATED:  May 26, 2026

Respectfully submitted,
KIRKLAND & ELLIS LLP


*/s/ K. Winn Allen, P.C.*

K. Winn Allen, P.C. (*pro hac vice*)
T.J. McCarrick (*pro hac vice*)
Jordan L. Greene (*pro hac vice*)
Saunders McElroy (*pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
United States
Telephone: +1 202 389 5000
Facsimile: +1 202 389 5200
winn.allen@kirkland.com
tj.mccarrick@kirkland.com
jordan.greene@kirkland.com
saunders.mcelroy@kirkland.com

Laura Vartain Horn (SBN 258485)
Bethany Lobo (SBN 248109)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
United States
Telephone: +1 415 439 1400
Facsimile: +1 415 439 1500
laura.vartain@kirkland.com
bethany.lobo@kirkland.com

*Attorneys for Defendants Meta Platforms, Inc., and WhatsApp LLC*

CASE NO. 26-CV-0751

**CERTIFICATE OF SERVICE**

On May 26, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all persons registered for ECF.  All copies of documents required to be served by Fed. R. Civ. P. 5(a) and L.R. 5-1 have been so served.

*/s/ K. Winn Allen, P.C.*  
K. Winn Allen, P.C.

CERTIFICATE OF SERVICE                                                 CASE NO. 26-CV-0751