UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMA DAWSON, et al., | Case No. 26-cv-00751-RFL |
| Plaintiffs, | |
| v. | **NOTICE OF QUESTIONS FOR HEARING** |
| META PLATFORMS, INC., et al., | Re: Dkt. No. 29 |
| Defendants. | |

The Court requests that the parties be prepared to address the following questions at the hearing on the motion to dismiss, set for **June 23, 2026**, at 10:00 a.m., in Courtroom 4 on the 17th floor at the San Francisco Courthouse:

1. All of Plaintiffs' claims appear to rely on WhatsApp's allegedly false promise that users' communications on its platform were encrypted. (*See, e.g.*, Dkt. No. 41 at 8.)[1] The Ninth Circuit in *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003), distinguished allegations regarding intentional misrepresentations from those involving innocent or negligent misrepresentations. While the former are subject to the heightened pleading requirements of Rule 9(b), the latter are not. *See id*. at 1105–06. Accordingly, it seems that Plaintiffs' Wiretap Act (Count 1), CIPA (Count 3), breach of contract (Count 6), implied covenant (Count 7), quasi-contract (Count 8), and UCL unfair and unlawful prong claims to the extent they are based on CIPA or the Wiretap Act (Count 10) are not subject to Rule 9(b), because those claims do not turn on whether WhatsApp's alleged misrepresentation was intentional. Conversely,

---

[1] All references to page numbers for filings on the docket refer to ECF pagination.

it seems that Plaintiffs' CDAFA (Count 2), invasion of privacy (Count 4), intrusion upon seclusion (Count 5), larceny (Count 9), and remaining UCL[2] (Count 10) claims are subject to Rule 9(b), because these claims rely on the existence of an alleged intentional misrepresentation.  Do the parties disagree with this tentative view of how Rule 9(b) applies to Plaintiffs' claims?

2.  Assume Rule 9(b) applies in the manner identified in the previous question.  For those claims that fall within Rule 9(b), do Plaintiffs need to allege with particularity that the individual who made the representation regarding encryption of WhatsApp messages was aware that their representation was false, or is it enough that someone else knew whose knowledge can be attributed to Meta?  Does the answer differ claim-by-claim?

3.  Plaintiffs' complaint relies almost entirely on statements from whistleblowers that employees can access users' WhatsApp messages in an unencrypted form with little oversight.  Without more, are these allegations sufficient to support a plausible inference of such access without any information about how the whistleblowers know this information and what indicia of reliability support these accounts?

At the hearing, each side will address the questions, and then at the end, the parties will have additional time to present any argument that they wish the Court to hear.  The parties **shall not** file written responses to this Notice of Questions.

**IT IS SO ORDERED.**

Dated: June 18, 2026

RITA F. LIN
United States District Judge

---

[2] This includes unfair and unlawful prong claims insofar as those claims are based on the prior causes of action, as well as fraudulent prong claims.