QUINN EMANUEL URQUHART
& SULLIVAN, LLP
Adam Wolfson (Bar No. 262125)
adamwolfson@quinnemanuel.com
Stephen A. Broome (Bar No. 314605)
stephenbroome@quinnemanuel.com
Kevin Teruya (Bar No. 235916)
kevinteruya@quinnemanuel.com
Valerie Roddy (Bar No. 235163)
valerieroddy@quinnemanuel.com
Lauren B. Lindsay (Bar No. 280516)
laurenlindsay@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

KELLER POSTMAN, LLC
Warren Postman (Bar No. 330869)
wdp@kellerpostman.com
Ashley Keller (pro hac vice forthcoming)
ack@kellerpostman.com
J.J. Snidow (pro hac vice forthcoming)
jj.snidow@kellerpostman.com
1101 Connecticut Avenue, N.W., Suite 1100
Washington, D.C. 20036
Telephone: (833) 633-0118

BARNETT LEGAL, PLLC
Jay W. Barnett (pro hac vice forthcoming)
jay@barnettlegal.net
3404 NW 135th Street
Oklahoma City, OK 73120
Telephone: (405) 456-9343

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

EMMA DAWSON, MICHAEL DAWSON, LUIZ FILHO, ALKA GAUR, DAMIAN REYEZ JAQUEZ, YOLISA MKELE, and FERNANDA TATTO, on behalf of themselves and all others similarly situated

Plaintiffs,

v.

META PLATFORMS, INC., and WHATSAPP, LLC,

Defendants.

Case No. 3:26-cv-00751-RFL

**CLASS ACTION**

**PLAINTIFFS' ADMINISTRATIVE MOTION (CIV. L.R. 7-11) FOR A CASE MANAGEMENT CONFERENCE PURSUANT TO FED. R. CIV. P. 16 OR SCHEDULING CONFERENCE PURSUANT TO FED. R. CIV. P. 26(F)**

Complaint Filed Date: January 23, 2026

Judge: Honorable Rita F. Lin

## PRELIMINARY STATEMENT

Plaintiffs file this administrative motion pursuant to Civil L.R. 7-11 to start discovery, seeking either an order for an initial case management conference pursuant to Federal Rule of Civil Procedure 16 and/or for the parties to promptly (within one week of the Court's order) hold a scheduling conference pursuant to Federal Rule of Civil Procedure 26(f).[1] Defendants did not provide a position on the requested relief, despite Plaintiffs' request for them to do so. Decl. of Adam Wolfson, filed concurrently ("Wolfson Decl."), ¶ 9.

On March 30, 2026, the Court vacated the initial case management conference and related report submission deadlines pending resolution of Defendants Meta's and WhatsApp's motion to dismiss. Dkt. 33. Although the parties had already scheduled their Rule 26(f) conference for April 1, 2026, Defendants canceled that conference, claiming the Court's order made clear that "discovery was premature." Wolfson Decl. ¶¶ 3-4. Notwithstanding Defendants' position, Defendants are now using another case filed against them by the State of Texas—making substantively identical allegations to Plaintiffs' allegations here—to commence discovery targeted at this action. Indeed, although Plaintiffs' counsel Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") is not counsel for the parties in that case, Defendants have served a subpoena *duces tecum* on this law firm. Wolfson Decl. Ex. 2 (Subpoena to Quinn Emanuel). Defendants are also seeking Plaintiffs' counsel's work product and other documents through a subpoena in the action filed by the State of Texas to a courageous whistleblower supporting Plaintiffs' allegations in this case. *Id.* ¶ 7.

What is good for the goose is good for the gander. Defendants should not be permitted to refuse to begin discovery based on this Court continuing the initial case management conference while seeking discovery directly targeted at Plaintiffs' claims in this case (and Plaintiffs' attorneys) through other litigation. Plaintiffs respectfully request that the Court even the playing field by

[1] Plaintiffs seek this relief by administrative motion because it is administrative and procedural in nature. Plaintiffs anticipate Defendants will contend a noticed motion pursuant to Civil Local Rule 7-2(b) is required to further delay their discovery obligations, but note that the Court's "Standing Order for Civil Cases Before Judge Rita F. Lin" (p. 4) provides that "[p]arties who would like an expedited initial case management conference can request one by emailing Judge Lin's Courtroom Deputy." Because Plaintiffs are not seeking an "expedited" initial case management conference (given that this case has been pending since January 2026), Plaintiffs did not rely on an email to the Court's Courtroom Deputy but relied on Local Rule 7-11's administrative motion procedure instead.

starting discovery by ordering a Rule 16 or Rule 26(f) conference forthwith.

## RELEVANT FACTUAL BACKGROUND

### A. Plaintiffs Allege that Defendants Have Unfettered Access to WhatsApp Messages

For years, Defendants have contractually promised WhatsApp users that their messages are end-to-end encrypted and therefore "[their] personal messages, photos, calls and more stay between [users] and the people [users] choose, meaning not even WhatsApp can see them." Dkt. 60 ¶ 25. But multiple independent corroborating sources have attested that Defendants access users' private WhatsApp messages via internal systems. Dkt. 60 ¶¶ 34-49. Plaintiffs have explained that either the closed-source WhatsApp software allows Defendants to access decrypted messages at rest on users' devices, or that Defendants have incorrectly implemented end-to-end encryption. Dkt. 60 ¶ 49; Dkt. 40-5 ¶¶ 7–14. Defendants' carefully worded public responses have denied only that Defendants can access "encrypted" messages, and they have never denied that they can access decrypted messages at rest. Dkt. 60 ¶ 48.

### B. The Day Before the Parties' Rule 26(f) Conference, Defendants Canceled the Conference to Avoid Discovery After the Court Vacated the Rule 16 Conference

The parties originally agreed to confer pursuant to Federal Rule of Civil Procedure 26(f) on April 1, 2026. Wolfson Decl. ¶ 3. However, after the Court vacated the initial case management conference on March 30, 2026, Dkt. 33, Defendants canceled the Rule 26(f) conference the next day, claiming that "discovery is premature." Wolfson Decl. ¶ 4. Plaintiffs again requested a Rule 26(f) conference on May 22, 2026, and on June 3, 2026, Defendants again refused. Wolfson Decl. ¶ 5. At the time, Plaintiffs decided to let the issue lie, even though Rule 26(f) requires the parties to meet "as soon as practicable." On November 2, 2026, Plaintiffs again requested Defendants' agreement by close of business the following day to schedule a Rule 26(f) conference or to request a Rule 16 conference from the Court. Wolfson Decl. ¶ 9. Plaintiffs received no response by that time. Wolfson Decl. ¶ 9.

### C. Plaintiffs Filed an Amended Complaint Addressing the Court's Dismissal Order

The Court dismissed Plaintiffs' original complaint with leave to amend on the ground that it did not "describe some basic facts about how each whistleblower knows about what they have

described." Dkt. 58 at 10. Plaintiffs have since amended their complaint to provide substantial additional details regarding whistleblower knowledge, position, and access. *See generally* Dkt. 60. Plaintiffs also pled additional information regarding the who, what, when, where and how of Defendants' actions supported by multiple concurring witnesses' attestations. *Id.* Additionally, Plaintiffs have since identified the main, previously undisclosed whistleblower whose attestations support their complaint to Defendants. Wolfson Decl. ¶ 6.

D. <u>The State of Texas Has Sued Defendants on Substantively Similar Claims</u>

Defendants now face parallel litigation in the State of Texas. Texas, like Plaintiffs, claims that while Defendants have publicly promised that users' WhatsApp communications are end-to-end encrypted and cannot be viewed by Defendants, Defendants in fact "have access to virtually ***all*** of WhatsApp users' purportedly 'private' communications." *The State of Texas v. Meta Platforms, Inc. et al.*, Cause No. 26-0393 (71st Judicial District Court, Harrison County, Texas) ("Texas Action"); Wolfson Decl. Ex. 1 (Texas Action Amended Petition) ¶¶ 1-2. The Texas Action has begun discovery on these substantively identical allegations.

E. <u>Defendants Are Seeking Discovery Related to This Case in the Texas Action</u>

In the Texas Action, Defendants have recently issued multiple subpoenas seeking discovery related specifically to ***this case***. First, on September 16, 2026, Defendants subpoenaed the whistleblower whose attestations support Plaintiffs' complaint in the Texas Action,[2] seeking, a deposition and, *inter alia*, "[d]ocuments relating to . . . the allegations in the litigation in *Dawson*," "[c]ommunications between [the whistleblower] and any other person relating to . . . the allegations in the litigation in *Dawson*," "[d]eclarations, as well as any drafts or communications regarding declarations, relating to . . . the allegations in . . . *Dawson*," "[c]ommunications between [the whistleblower] and . . . Plaintiffs and/or Plaintiffs' counsel . . . in *Dawson*," and "[p]osts and other statements authored by You, including on social media platforms . . . relating to . . . the allegations in the litigation in *Dawson*." Wolfson Decl. ¶ 7. In the same subpoena, Defendants also seek discovery related to *Shirazi v. Meta Platforms, Inc.*, No. 3:26-cv-02615 (N.D. Cal.), another case

[2] Quinn Emanuel represents the whistleblower subpoenaed in the Texas Action.

with allegations highly similar to Plaintiffs' allegations here. Wolfson Decl. ¶ 7.

Second, on October 26, 2026, Defendants issued a subpoena to Quinn Emanuel, which is not counsel of record for any party in the Texas Action. Wolfson Decl. ¶ 8. The subpoena seeks information supporting Plaintiffs' claims in this action, including "[a]ll declarations, affidavits, and/or sworn statements made by any Purported Source" related to WhatsApp or the Plaintiffs' complaint, "[a]ll interview transcripts, interview memoranda, and/or other Documents relating to any statements made by a Purported Source to [Quinn Emanuel] relating to" same, and "[a]ll Communications between [Quinn Emanuel] and a Purported Source relating to" same. Wolfson Decl. Ex. 2 at 12.

## ARGUMENT

Defendants should not be allowed to refuse to initiate reciprocal formal discovery in this case while simultaneously seeking materials for this case via the unilateral subpoena power in a separate case. Accordingly, the Court should allow all parties to initiate discovery in this case by scheduling a Rule 16 conference or ordering the parties to conduct a Rule 26(f) conference.

First, the documents Defendants seek from the whistleblower and from Quinn Emanuel in the Texas Action explicitly relate to this case and are highly relevant here. Defendants seek documents and communications between Quinn Emanuel and any "Purported Source" of Plaintiffs' Complaint—materials that, although privileged, are directly about Plaintiffs' claims. Defendants also seek whistleblower materials about Plaintiffs' claims here, such as documents in the whistleblowers' possession that relate to this case and statements they have made about this case in other fora. Defendants' own conduct shows that discovery in this case is no longer premature, as Defendants have *de facto* initiated discovery via these subpoenas, albeit a one-sided version of discovery as Plaintiffs currently have no capability to seek materials from Defendants or any other parties in the Texas Action.

Second, courts have repeatedly held it is inappropriate for a party to use a subpoena in one case to seek discovery for a ***separate*** case. *See Hukman v. Sw. Airlines Co.*, 2019 WL 2289390, at *3 (S.D. Cal. May 28, 2019) ("A party is not permitted to exploit the liberal federal discovery rules to obtain information for purposes unrelated to the case at hand, including for use in other

lawsuits."); *IP Co., LLC v. Cellnet Tech., Inc.*, 2008 WL 3876481, at *2 (N.D. Cal. Aug. 18, 2008) ("Plaintiffs cannot use their subpoena to discover documents relevant to another suit or potential suit."). Although Plaintiffs do not argue that this Court is the appropriate forum to challenge Defendants' subpoenas, those subpoenas necessarily impact the information and arguments available to the parties as they proceed with this litigation. Plaintiffs urge the Court to allow the parties to initiate discovery here and even the playing field between them.

Third, although Defendants may argue that their pending motion to dismiss prevents the parties from moving forward, courts have made clear that provides no barrier to initiating discovery. The "ordinary rule" is that "discovery may proceed, even if a dispositive motion is filed." *Serenium, Inc. v. Zhou*, 2021 WL 7541379, at *1 (N.D. Cal. Feb. 11, 2021) (quotation omitted). "Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. [P]. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Id.*

Accordingly, Plaintiffs request that the Court initiate discovery in this case, either by scheduling a Rule 16 conference or by ordering the parties to promptly (within one week of the Court's order) hold a scheduling conference pursuant to Rule 26(f).

DATED: November 3, 2026

By: */s/ Adam Wolfson*____________

QUINN EMANUEL URQUHART
& SULLIVAN, LLP
Adam Wolfson (Bar No. 262125)
adamwolfson@quinnemanuel.com
Stephen A. Broome (Bar No. 314605)
stephenbroome@quinnemanuel.com
Kevin Teruya (Bar No. 235916)
kevinteruya@quinnemanuel.com
Valerie Roddy (Bar No. 235163)
valerieroddy@quinnemanuel.com
Lauren B. Lindsay (Bar No. 280516)
laurenlindsay@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

KELLER POSTMAN, LLC
Warren Postman (Bar No. 330869)
wdp@kellerpostman.com
Ashley Keller (pro hac vice forthcoming)
ack@kellerpostman.com
J.J. Snidow (pro hac vice forthcoming)
jj.snidow@kellerpostman.com
1101 Connecticut Avenue, N.W., Suite 1100
Washington, D.C. 20036
Telephone: (833) 633-0118

BARNETT LEGAL, PLLC
Jay W. Barnett (pro hac vice forthcoming)
jay@barnettlegal.net
3404 NW 135th Street
Oklahoma City, OK 73120
Telephone: (405) 456-9343

*Attorneys for Plaintiffs*