C. Bryan Wilson (*pro hac vice*)
David M. Krinsky (*pro hac vice*)
William B. Snyderwine (*pro hac vice*)
cwilson@wc.com
dkrinsky@wc.com
wsnyderwine@wc.com
Williams & Connolly LLP
680 Maine Avenue, S.W.
Washington, D.C. 20024
Telephone: (202) 434-5000

Rebecca Furman (SBN 294082)
Marjon Y. Momand (SBN 327877)
rfurman@lewisllewellyn.com
mmomand@lewisllewellyn.com
Lewis & Llewellyn LLP
601 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 800-0590

*Counsel for Defendants Meta Platforms, Inc. and WhatsApp, LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EMMA DAWSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC., et al.,<br><br>Defendants. | Case No. 3:26-cv-00751-RFL<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR A CASE MANAGEMENT CONFERENCE**<br><br>Judge: Hon. Rita F. Lin |

## PRELIMINARY STATEMENT

This is Plaintiffs' second attempt to open discovery, and nothing has changed since the first. The Court vacated the case management conference pending Defendants' motion to dismiss. Dkt. 33. And at the last hearing, Plaintiffs asked the Court to "lift the discovery stay so that we can get into discovery," insisting that "stays of discovery pending motions to dismiss are unusual." June 23, 2026 Hr'g Tr. at 40. But the Court did not lift the stay and instead dismissed the Complaint. Dkt. 58. Plaintiffs filed an Amended Complaint, and Defendants' renewed motion to dismiss is now pending. Dkt. 73. Granting it may end this case, as it should.

Plaintiffs assert that subpoenas issued in a copycat action brought by Texas Attorney General Ken Paxton and Keller Postman LLC (Plaintiffs' co-counsel here) warrant opening discovery in this case. Not so. Discovery in the Texas case is underway, and it has exposed the claims as baseless. Rather than confront that record, Keller Postman has asserted that factual documents bearing directly on the allegations cannot be produced because they belong exclusively to the *Dawson* representation. That refusal forced Defendants to serve the subpoenas, which seek information for the Texas case under the Texas rules. Plaintiffs concede that this Court is not the forum to challenge those subpoenas. Dkt. 78 at 6. The stay should remain in place, the administrative motion (which is procedurally improper) should be denied, and this case should be dismissed.

## RELEVANT FACTUAL BACKGROUND

### A. Plaintiffs Make False Allegations and Refuse to Provide Whistleblower Information

After Plaintiffs filed this case, Defendants spent months showing Plaintiffs that their allegations were false. *See* Declaration of C. Bryan Wilson ("Wilson Decl.") ¶ 4. They sent letters, held multiple calls with counsel, and gave Plaintiffs two sworn declarations from WhatsApp employees. *See id.* ¶¶ 3–4. Defendants, in turn, asked Plaintiffs to provide the purported whistleblowers' identities, any declarations, and any evidence at all supporting the allegations in the Complaint. *See id.* ¶ 3. Plaintiffs refused. Defendants also offered something unusual: Plaintiffs' experts could review WhatsApp's source code before any discovery. *See id.* ¶ 5. Plaintiffs refused to do so unless Defendants accepted sweeping new conditions. *See id.*

**B. The Court Does Not Initiate Discovery and Dismisses Plaintiffs' Complaint**

Defendants also moved to dismiss Plaintiffs' Complaint on March 27, 2026. Dkt. 29. Three days later, the Court vacated the initial case management conference until it ruled on that motion. Dkt. 33. On July 23, 2026, the Court dismissed the Complaint and granted Plaintiffs leave to amend. Dkt. 58 at 18–19. It held that Plaintiffs failed to plead "some basic facts about how each whistleblower knows about what they have described." *Id.* at 10. It also held that the allegations did not support an inference that any access went beyond what is needed to operate WhatsApp, that Plaintiffs failed to adequately allege benefit or loss, and that they failed to satisfy the particularity requirements of Rule 9(b). *Id.* at 8–13. Plaintiffs filed an Amended Complaint, but failed to fix the issues plaguing the original Complaint. Although Plaintiffs promised "carefully vetted, firsthand whistleblower accounts," Dkt. 40 at 1, they only pled allegations from a single witness with no firsthand knowledge or other reliable basis to support Plaintiffs' sweeping claims, Dkt. 73 at 2.

**C. Ken Paxton Hires Some of the Same Counsel and Files a Copycat Suit**

Four months after this suit was initially filed, one of the law firms representing Plaintiffs here, Keller Postman, filed an action on behalf of Paxton and Texas against Defendants. *See* Wilson Decl. ¶ 6. The copycat case was accompanied by a press release, filed the week before Paxton's Texas Senate primary election, and done with no apparent pre-suit investigation. *See id.* The petition, as subsequently amended, closely tracks the *Dawson* Amended Complaint, often word for word. *Compare* Dkt. 59 ¶¶ 1, 3, 25, 28–29, 32, 34–37, *with* Dkt. 78-2 ¶¶ 1–2, 44, 48–49, 52–56. And it makes the same false allegation that Defendants have access to virtually all of WhatsApp users' private communications. *Compare* Dkt. 59 ¶ 3, *with* Dkt. 78-2 ¶ 2.

**D. Discovery in Texas Reveals the Baselessness of the Claims**

The Texas rules require only notice pleading, so the Texas case proceeded immediately to discovery. Wilson Decl. ¶ 7. Defendants served discovery on the State, and in response to some requests, the State claimed that responsive non-privileged materials held by Keller Postman, its own counsel of record, were outside its possession, custody, or control. *Id.* The State's theory is that Keller Postman or its co-counsel here (Quinn Emanuel) holds those documents in its *Dawson* capacity, not for Texas. *Id.* For instance, when Keller Postman was asked if they had a sworn

declaration from Plaintiffs' purported whistleblower, they said no, and that "[any] statement that 'we' did not have any sworn statement from [the purported whistleblower] was made on behalf of Texas." *Id.* ¶ 12. Thus, Defendants served subpoenas for the documents. *Id.* ¶ 11.

In the Texas case, Defendants also pursued discovery of the purported sources supposedly underlying the State's claims. *See id.* ¶ 7. That discovery has confirmed what Defendants' renewed motion to dismiss showed: the supposed whistleblowers do not know whether they simply saw user-reported or other messages consistent with Defendants' disclosures. *Id.* ¶¶ 6, 8–9. One such purported whistleblower has sworn that he "did not personally access, review, or see any WhatsApp encrypted messages," Wilson Decl., Ex. 1 ¶ 4,[1] and that he has "no knowledge about the content or source of those messages," *id.* ¶ 5. Another of the State's witnesses confirmed "he reviewed WhatsApp advertisements and media ***that were reported by users***," just as Defendants disclose. Wilson Decl. ¶ 8 (emphasis added). As for the whistleblower at the center of Plaintiffs' claims, State's counsel met with her ***after*** this Court's motion to dismiss ruling, but the State provides no basis for how the witness knew the source of any messages they allegedly reviewed. According to the State, it "does not understand [the whistleblower] to have reviewed messages in encrypted format." *Id.*

Defendants subpoenaed this witness in the Texas case. Represented by Quinn Emanuel, the witness served objections, produced documents, and agreed to sit for a deposition, all under Texas rules enforced by the Texas courts. *Id.* ¶¶ 10–11. The witness also produced a declaration, which was signed in March 2026—that is, two months after the *Dawson* complaint was filed and while counsel was facing the threat of sanctions. And despite Keller Postman's claim it has no declaration, the caption identifies some of the same Keller Postman attorneys representing Texas. *Id.* ¶ 12.

## ARGUMENT

The Court should deny Plaintiffs' request, and discovery should remain stayed while Defendants' renewed motion to dismiss is pending. The Court vacated the initial case management

[1] The State produced a subsequent affidavit from the witness, which purported to "describe more fully what [he] observed." Wilson Decl., Ex. 2 ¶ 2. In it, the witness confirms that he was "not retracting" *any* of the statements in his previous affidavit. *Id.* ¶ 3 (emphasis added).

conference pending resolution of Defendants' motion to dismiss, Dkt. 33, and nothing warrants revisiting that decision. Whether to stay discovery while a motion to dismiss is pending is a matter within the Court's "wide discretion in controlling discovery." *Reveal Chat Holdco, LLC v. Facebook, Inc.*, 2020 WL 2843369, at *1 (N.D. Cal. Apr. 10, 2020) (quotation omitted). Courts in this District routinely stay discovery when a pending motion to dismiss is potentially dispositive of the entire case and can be decided without additional discovery. *See id.* at *2–4 (staying discovery pending hearing on motion to dismiss putative class action); *Realtek Semiconductor Corp. v. MediaTek, Inc.*, 732 F. Supp. 3d 1101, 1117–18 (N.D. Cal. 2024) (similar); *Smith v. Intel Corp.*, 745 F. Supp. 3d 853, 868–69 (N.D. Cal. 2024) ("It is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery." (citation omitted)).[2] Both conditions are met here. The renewed motion could dispose of the entire case, and it turns only on the allegations in the Amended Complaint. The Court has already dismissed the case once and Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Consistent with *Smith* and *Realtek*, which both stayed discovery in the same posture, the Court should not open discovery here.

Plaintiffs do not dispute that the renewed motion could dispose of their claims. Nor do they argue that deciding the renewed motion depends on any additional discovery. (It does not.) Instead, Plaintiffs point to discovery in Texas. But what happens in that case—pending in a different court and subject to different rules—gives this Court no reason to change course. Keller Postman has refused to produce documents on the grounds that those materials belong to a separate representation and are outside the State's control. A nonparty subpoena to the entity with possession is the ordinary consequence of that position. And because the State copied the claims from this case, the subpoenas define their subject matter by reference to the *Dawson* complaint and the State's Petition.

Defendants' subpoena to the supposed whistleblower reflects that overlap. The State has identified the same witness as one of its own sources, so Defendants would need that discovery in

---

[2] Plaintiffs rely on *Serenium, Inc. v. Zhou*, 2021 WL 7541379 (N.D. Cal. Feb. 11, 2021), but there, the Court found, after a "preliminary peek," that the defendants there had not shown good cause. *Id.* at *2. Here, the Court has looked, dismissed the complaint once, and declined to open discovery.

Texas even if this case did not exist (as it should not). The subpoena seeks what any defendant needs before deposing an adverse witness, namely the witness's documents and prior statements. Dkt. 78-1 ¶ 7. The witness has responded under the Texas rules. The Texas courts are fully able to resolve any disputes, which Defendants are endeavoring to resolve in good faith, and Plaintiffs concede that is where any dispute belongs. Dkt. 78 at 5. None of that is reason to open discovery here.

Plaintiffs argue that discovery should begin because it is "one-sided." Dkt. 78 at 5. But some of Plaintiffs' counsel represent the State of Texas, and the State has served its own written discovery on Defendants and received thousands of pages of documents from Defendants. Further, Defendants have offered the State and Plaintiffs here the most direct test of their allegations, a review of WhatsApp's source code. That offer remains open today. Wilson Decl. ¶ 13. They have all refused, instead insisting on unnecessary and unreasonable conditions including even broader discovery.[3] *Id.*

The motion should also be denied because it is procedurally improper. Civil Local Rule 7-11 is reserved for "miscellaneous administrative matters," such as requests to exceed page limits or to file under seal. Plaintiffs instead ask the Court to undo its own order vacating the case management conference and to open discovery. That is substantive relief, and Plaintiffs seek it on an expedited track that allows Defendants only four days to respond. *See* Civ. L.R. 7-11(b). Nothing justifies burdening the Court with expedited consideration of a substantive motion for reconsideration of the Court's discretionary discovery stay. Defendants declined Plaintiffs' last request for a Rule 26(f) conference on June 3, 2026. Dkt. 78-1 ¶ 5. After five months of inaction, Plaintiffs raised the issue again on November 2, 2026, and gave Defendants less than 24 hours to respond. *See* Dkt. 78-1 ¶ 9. Plaintiffs all but concede this procedural problem in their motion. *See* Dkt. 78 at 1 n.1.

For these reasons, Defendants respectfully request that the Court deny Plaintiffs' request and maintain the stay of discovery pending the Court's resolution of Defendants' renewed motion to dismiss.

---

[3] If Plaintiffs wanted to prove their allegations, they would review the code. They have shown no interest in doing so. That refusal confirms that punishing Defendants with legal process and expensive discovery, not attempting to prove the truth of their allegations, is what Plaintiffs are after.

Dated: November 9, 2026

*/s/ C. Bryan Wilson*
C. Bryan Wilson (*pro hac vice*)
David M. Krinsky (*pro hac vice*)
William B. Snyderwine (*pro hac vice*)
cwilson@wc.com
dkrinsky@wc.com
wsnyderwine@wc.com
Williams & Connolly LLP
680 Maine Avenue, S.W.
Washington, D.C. 20024
Telephone: (202) 434-5000

Rebecca Furman (SBN 294082)
rfurman@lewisllewellyn.com
Marjon Y. Momand (SBN 327877)
mmomand@lewisllewellyn.com
Lewis & Llewellyn LLP
601 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 800-0590

*Counsel for Defendants*

## CERTIFICATIONS

On November 9, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all persons registered for ECF. All copies of documents required to be served by Federal Rule of Civil Procedure 5(a) and Civil Local Rule 5-1 have been so served.

*/s/ C. Bryan Wilson*
C. Bryan Wilson